**FILED**

MAR 2 8 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SIERRA CLUB,
    85 Second Street, 2nd Floor
    San Francisco, CA 94105

        Plaintiff,

    vs.

LISA JACKSON, in her official
capacity as Administrator, United States
Environmental Protection Agency,
    Ariel Rios Building
    1200 Pennsylvania Avenue, N.W.
    Washington, D.C. 20460

        Defendant.

Case: 1:11-cv-00636
Assigned To : Walton, Reggie B.
Assign. Date : 3/28/2011
Description: Admn. Agency Review

---

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

---

Plaintiff Sierra Club, through its undersigned counsel, complains as follows:

### INTRODUCTION

1.    This is a civil action for declaratory and injunctive relief, with costs and fees, under the Clean Air Act ("the Act" or "CAA"), 42 U.S.C. §§ 7401, *et seq.*

2.    Sierra Club seeks an order requiring the Defendant, the Administrator of the U.S. Environmental Protection Agency ("U.S. EPA"), to perform her non-discretionary duty to grant or deny its petition to object to the proposed Clean Air Act Title V Operating Permit for Duke Energy Indiana Inc.'s Edwardsport Generating Station, located at 15424 East State Road 358, Edwardsport, Knox County, Indiana.

**Received**
**Mail Room**    1

MAR 28 2011

Angela D. Caesar, Clerk of Cour
.IS District Court. District of Columbi'

(Permit No. T083-27138-00003), which was submitted to the Administrator pursuant to CAA § 505(b)(2), 42 U.S.C. § 42 U.S.C. 7661d(b)(2).

## PARTIES

3.     Sierra Club is an incorporated, not-for-profit organization located at 85 Second Street, San Francisco, California. Its purpose is to preserve, protect, and enhance the natural environment. The mission of the Sierra Club is to influence public, private, and corporate policies through programs at the local, state, national, and international levels. Sierra Club has over one million members and supporters nationwide and more than 6,000 members and supporters in Indiana.

4.     Sierra Club's members live, work, and recreate around the Edwardsport Generating Station. Sierra Club's members breathe, use and enjoy the ambient air in around Edwardsport, Indiana. Their health and use of the air is impaired by the pollution in the air caused by the Edwardsport Generating Station. The station emits criteria and hazardous air pollutants which negatively impact Sierra Club's members. Sierra Club's members are directly harmed by the Administrator's delay in responding to Plaintiff's petition to object to the proposed Title V Operating Permit for the Edwardsport Generating Station. An objection by the Administrator would result in reduced air pollution from the power plant, thereby alleviating, in part, some of the air pollution that injures Sierra Club's members.

5.     Additionally, Sierra Club and its members would further participate in the public processes provided for by Congress in the Clean Air Act if the Administrator would timely respond to Plaintiff's petition. Sierra Club and its members have the right

to petition for judicial review of the Administrator's final decision and to enforce the final revised permit terms once issued.  The Administrator's failure to respond to Plaintiff's petition negatively affects Sierra Club's procedural rights under the CAA.

6.      The Defendant, Lisa Jackson, is the Administrator of the U.S. EPA ("Administrator").  The Administrator is responsible for directing the activities of the U.S. EPA and implementing the requirements of the CAA.  Specifically, the Administrator is statutorily required to respond to petitions, such as the one Plaintiff filed, under CAA § 505(b)(2), 42 U.S.C. § 7661d(b)(2).

### JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over the claims set forth in this complaint pursuant to 42 U.S.C. § 7604(a), 28 U.S.C. § 1331, and 28 U.S.C. § 2201.  The relief requested by the Plaintiff is authorized by statute in 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. § 7604.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(1) because Defendant Lisa Jackson is an officer of the United States acting in her official capacity, and resides within the District of Columbia.

### NOTICE

9.      Sierra Club gave notice pursuant to, and in compliance with, the requirements in CAA § 304(b)(2), 42 U.S.C. § 7604(b)(2), and 40 C.F.R. Part 54 by letter sent via certified mail postmarked on January 7, 2011 ("Notice of Intent") addressed to the Administrator.

10.     Copies of Plaintiff's Notice Letter were sent by certified U.S. mail, postmarked on or before January 11, 2011, to the Attorney General of the United States; the Regional Administrator for U.S. EPA Region 5; the Commissioner of the Indiana Department of Environmental Management ("IDEM"); and Duke Energy Indiana Inc., the owner and managing agent of the Edwardsport Generating Station.

11.     More than 60 days have passed since Plaintiff provided its Notice of Intent to the Administrator and others.

## FACTS

12.     Only July 31, 2009, IDEM released for public comment a proposed Title V operating permit renewal (Permit No. T083-27138-00003) for the Edwardsport Generating Station.

13.     By letter dated August 28, 2009, Sierra Club submitted to IDEM timely public comments regarding the terms and conditions of the proposed Title V operating permit renewal for the Edwardsport Generating Station.

14.     On or about June 7, 2010, IDEM submitted a proposed Title V operating permit renewal for the Edwardsport Generating Station to the U.S. EPA, triggering EPA's 45-day review period under CAA § 505(b)(1), 42 U.S.C. § 7661d(b)(1) and 40 CFR § 70.8(c).

15.     The Administrator did not object to the proposed Title V operating permit renewal for the Edwardsport Generating Station within the review period provided by CAA § 505(b)(1), 42 U.S. § 7661d(b)(1).

16.     On or about September 16, 2010, Sierra Club petitioned the Administrator to have the U.S. EPA object to the Edwardsport Generating Station Title V operating permit renewal within the 60-day petition period provided by CAA § 505(b)(2), 42 U.S.C. § 7661d(b)(2) and 40 CFR § 70.8(d).

17.     Plaintiff provided a copy of its petition to the permit applicant and owners of the Edwardsport Generating Station (Duke Energy Indiana, Inc.) and the permitting authority (IDEM) as required by CAA § 505(b)(2), 42 U.S.C. § 7661d(b)(2).

18.     Pursuant to CAA § 505(b)(2), 42 U.S.C. § 7661d(b)(2), Administrator Jackson had 60 days from September 16, 2010 to grant or deny Plaintiff's petition.

### CAUSE OF ACTION:
### FAILURE TO PERFORM A NONDISCRETIONARY ACT OR DUTY

19.     Plaintiff incorporates and realleges paragraphs 1-18 above in their entirety and further alleges as follows:

20.     Pursuant to CAA § 505(b)(2), 42 U.S.C. § 7661d(b)(2), "If the Administrator does not object in writing to the issuance of a permit…any person may petition the Administrator to [object]…The Administrator shall grant or deny such petition within 60 days after the petition is filed." (emphasis added).

21.     The 60-day period for the Administrator to either grant or deny Plaintiff's petition expired on or about November 15, 2010.

22.     The Administrator's duty to grant or deny Plaintiff's petition within 60 days is not discretionary.

23.     As of the date of this Complaint, the Administrator has neither granted

nor denied Plaintiff's petition at issue.  Thus, the Administrator's failure to perform her

non-discretionary duty to grant or deny Plaintiff's petition is ongoing and will continue

until enjoined and restrained by the Court.

24.     The CAA provides Plaintiff with a cause of action to compel the

Administrator's non-discretionary duty to grant or deny Plaintiff's timely petition in

CAA § 304(a), 42 U.S.C. § 7604(a).

### PRAYER FOR RELIEF

WHEREFORE, Sierra Club respectfully prays for this Court to:

A.  Declare that the Administrator has a non-discretionary duty to grant or deny
    Plaintiff's timely petition to object to the Title V operating permit renewal for the
    Edwardsport Generating Station;

B.  Declare that the Administrator's failure to grant or deny Plaintiff's petition is a
    violation of CAA § 505(b), 42 U.S.C. § 7661d(b);

C.  Order the Administrator to grant or deny Plaintiff's petition by a date set by the
    Court;

D.  Award Plaintiff the costs of this action, with reasonable attorney fees, pursuant
    to CAA § 304(d), 42 U.S.C. § 7604(d);

E.  Retain jurisdiction over this action to ensure compliance with the Court's Order;
    and

F.  Grant such other relief as is just and proper.

Dated: March 22, 2011.

Attorneys for Plaintiff
MCGILLIVRAY WESTERBERG & BENDER LLC

_____

David C. Bender
D.C. Dist. Ct. Bar No. WI 00007
McGillivray Westerberg & Bender LLC
Madison, WI 53703
Tel. 608.310.3560
Fax 608.310.3561
bender@mwbattorneys.com